# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

| | |
|---|---|
| 24 HOUR FITNESS USA, INC., | Civil No. 09-3085 (JRT/RLE) |
| Plaintiff, | |
| v. | **ORDER FOR ENTRY OF CONSENT JUDGMENT AND PERMANENT INJUNCTION** |
| 24 HOUR FITNESS EXPRESS, INC. AND BRIAN CARL, | |
| Defendants. | |

---

Britt Anderson, **MANATT, PHELPS & PHILLIPS, LLP**, One Embarcadero Center, 30th Floor, San Francisco, CA 94111; Karna Berg, **HALLELAND LEWIS NILAN & JOHNSON PA**, 220 South Sixth Street, Suite 600, Minneapolis, MN 55402; Susan Hollander, **MANATT, PHELPS & PHILLIPS, LLP**, 1001 Page Mill Road, Building 2, Palo Alto, CA 94304, for plaintiff.

Michael Orman, **ORMAN NORD SPOTT & HURD,** 1301 Miller Trunk Highway, Suite 400, Duluth, MN 55811, for defendants.

Pursuant to the Stipulation for Entry of Consent Judgment and Permanent Injunction filed by the parties in the above-captioned matter [Docket No. 4],

**IT IS HEREBY ORDERED** that 24 Hour Fitness is the owner of the 24 HOUR FITNESS Marks and that the registrations thereof are valid, enforceable and fully subsisting;

**IT IS FURTHER ORDERED** that the 24 HOUR FITNESS Marks, including the 24 HOUR FITNESS logo, the blue and red color combination of the 24 HOUR FITNESS

logo and the type-style of the lettering contained in the 24 HOUR FITNESS logo, are famous, distinctive and have acquired secondary meaning in the marketplace in that the health and fitness industry and the general public have come to know and recognize the 24 Hour Fitness name and the 24 HOUR FITNESS Marks as identifying the products and services provided by 24 Hour Fitness exclusively, as distinguished from competitors of 24 Hour Fitness;

**IT IS FURTHER ORDERED** that Defendants and their predecessors, successors, shareholders, directors, officers, agents, assigns, licensees, employees, and all other persons, firms, companies, associations, or partnerships in active concert or participation with them, are permanently enjoined and restrained from directly or indirectly (a) using the Infringing Marks and/or any marks confusingly similar to and/or incorporating the 24 HOUR FITNESS Marks, including but not limited to all use in connection with the marketing, promotion, display, advertising, signage, packaging, offering for sale, sale, distributing, and/or manufacturing of any and all products and services; (b) engaging in any act that dilutes the distinctive quality of the 24 HOUR FITNESS Marks; and/or (c) representing or implying that Defendants are in any way sponsored, affiliated, or connected with 24 Hour Fitness;

**IT IS FURTHER ORDERED** that Defendants shall deliver up and destroy all signs, labels, prints, business cards, stationery, packages, wrappers, receptacles, promotional materials, brochures, manuals, educational materials, and/or advertisements bearing the Infringing Marks and/or any other mark confusingly similar to, dilutive of, and/or incorporating the 24 HOUR FITNESS Marks;

**IT IS FURTHER ORDERED** that Defendants shall provide reasonable assistance in transferring the Infringing Domain Name to Plaintiff;

**IT IS FURTHER ORDERED** that violation of the foregoing permanent injunction shall constitute contempt of this Court and shall subject Defendants to (a) a judgment against them in favor of Plaintiff awarding all reasonable costs and attorneys' fees expended by Plaintiff in this Action; (b) Plaintiff's reasonable costs and attorneys' fees in bringing a contempt motion; and (c) such other relief as this Court may deem just and proper;

**IT IS FURTHER ORDERED** that all matters related to an accounting and damages have been resolved by the parties, and therefore no award or judgment with respect thereto is made herein;

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction to enforce the terms of the Settlement Agreement and to enforce the Consent Judgment and Permanent Injunction and, in fashioning a remedy for any breach of the terms of the Settlement Agreement, the Court may in its discretion award attorneys' fees to a party or reopen the Action;

**IT IS FURTHER ORDERED** that, except as set forth above, each Party to the Action shall bear its own costs, expenses and attorneys' fees whether taxable or otherwise incurred in, or arising out of, or in any way related to the matters released, including without limitation, costs, expenses, attorney fees and taxes incurred in, or arising out of, or relating to the subject matter of the Settlement Agreement or the Action;

**IT IS FURTHER ORDERED** that upon notice of entry hereof, this Consent Judgment and Permanent Injunction shall become final; and

**IT IS FURTHER ORDERED** that this Action be and hereby is **DISMISSED WITH PREJUDICE**.

DATED: February 24, 2010　　　　　　　　　　　　　s/ John R. Tunheim
at Minneapolis, Minnesota.　　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge